UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JEROME RIDDICK,<br>    Plaintiff, | :<br>:<br>: |  |
| v. | : | CASE NO. 3:16-cv-53 (SRU) |
| DEPARTMENT OF<br>CORRECTION, et al.,<br>    Defendants. | :<br>:<br>:<br>: |  |

**RULING AND ORDER**

Plaintiff Jerome Riddick, currently incarcerated, filed this case *pro se*. He asserts claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. On January 29, 2016, the Court filed an Initial Review Order dismissing all section 1983 claims against defendant Department of Correction and dismissing all claims for damages against the remaining defendants in their official capacities. The Court did not dismiss the ADA claim against defendant Department of Correction. *See* Doc. #7. Riddick has filed a motion for reconsideration of the dismissal of his ADA claim for damages and a motion for extension of time to file an amended complaint identifying John Doe defendants.

Riddick argues that he may bring an ADA claim against the state for conduct that violates both the ADA and the Fourteenth Amendment. He is correct. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]nsofar as Title II created a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). The Court, however, did not dismiss Riddick's ADA claim against the state. That claim remains pending against the Department of Correction. *See* Doc. #7 at 6.

If Riddick prevails on this claim, he may recover damages from the Department of Correction.

Claims against individual correctional officials in their official capacities are essentially claims against the State of Connecticut.  *See Hafer v. Malo*, 502 U.S. 21, 25 (1991).  But because Riddick can assert his ADA claim directly against the Department of Correction, a state agency, any claim against the defendants in their official capacities would be redundant.  *See Hallett v. New York State Dep't of Correctional Servs.*, 109 F. Supp. 2d 190, 199–200 (S.D.N.Y. 2000) (noting that suing state officials in official capacity is used to avoid Eleventh Amendment and sovereign immunity issues and holding that "[b]ecause plaintiff is able to assert his ADA and Rehabilitation Act claims against [the state agency] directly, I find that there is no justification for allowing plaintiff to also assert ADA and Rehabilitation Act claims against the individual defendants in their official capacities"); *see also McEachin v. Bek*, No. 06-CV-6453(MAT), 2012 WL 1113584, at *5 (W.D.N.Y. Apr. 2, 2012) ("[T]he ADA does not provide for liability against individual defendants in either their individual or official capacities").  Riddick's motion for reconsideration is denied.

Riddick also seeks an extension of time of ninety days to file an amended complaint identifying defendants John Doe 1–3.  That request is granted.

In conclusion, Riddick's motion for reconsideration [**Doc. #10**] is **DENIED** and his motion for extension of time [**Doc. #9**] is **GRANTED**.  Riddick shall file his amended complaint on or before **May 25, 2016**.

**SO ORDERED** this 25th day of February 2016 at Bridgeport, Connecticut.

   /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge