UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JA-QURE AL-BUKHARI,　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　　　　　: 　　CASE NO. 3:16-cv-53 (SRU)
　　　　　　　　　　　　　　　　　　　　　　　　　:
DEPARTMENT OF CORRECTION, *et al.*,　　:
　　　　Defendants.　　　　　　　　　　　　　　:

RULING AND ORDER

Plaintiff Ja-Qure Al-Bukhari seeks certification as a class action. (doc. 92) Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Specifically, Rule 23(a) identifies four prerequisites that must be met before a class action can be certified.

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974). In addition, the Second Circuit has held that class certification is properly denied where the prospective relief requested by the individual plaintiff would benefit all members of the proposed class to the extent that class certification would provide no additional benefit. *See Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978). For example, class certification would not be

necessary in an action seeking declaratory and injunctive relief against state officials on the ground that a statute or administrative practice is unconstitutional. Correction of the practice in the individual plaintiff's case would benefit all inmates, not just the plaintiff. *See Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied*, 417 U.S. 936 (1974). In the present case, Al-Bukhari seeks declaratory and injunctive relief challenging a practice within the Department of Correction. Should he prevail in this action, any relief afforded him would also be applied to other inmates in the same situation. Thus, class certification is not warranted.

Moreover, as a *pro se* litigant, Al-Bukhari can only represent himself. He cannot adequately represent a class of prisoners. *See Nieblas-Love v. New York City Housing Auth.*, ___ F. Supp. 3d __, 2016 WL 796845, at * 13 (S.D.N.Y. Feb. 26, 2016) (denying motion for class certification because *pro se* litigant cannot adequately represent class); *see also* Fed. R. Civ. P. 11 (a) (requiring all papers to be signed by the party or an attorney).

Accordingly, Al-Bukhari's motion seeking class certification [ECF No. 92] is DENIED.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of May 2017.

    /s/ Stefan R. Underhill    
Stefan R. Underhill
United States District Judge