# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JA-QURE AL-BUKHARI,<br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTION, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:  CASE NO. 3:16-cv-53 (SRU)<br>:<br>:<br>:<br>: |

## RULING AND ORDER

Plaintiff Ja-Qure Al-Bukhari ("Al-Bukhari"), currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment rights when they confined him on in-cell restraints in December 2015, restricted his privileges, and did not provide medical and mental health treatment. Al-Bukhari has filed a motion for preliminary injunctive relief seeking an order that any use of restraints and segregated confinement be pre-approved by mental health professionals and done under medical supervision.

District courts may grant interim injunctive relief, in the form of a preliminary injunction or temporary restraining order "where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and

internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief absent "a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citation omitted).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)) (other citations omitted).

The claims in this action concern the placement of Al-Bukhari in segregated confinement and in restraints in December 2015. In support of his motion for injunctive relief, Al-Bukhari cites the December 2015 confinement and a second incident in March 2016. He again identifies these two incidents as the only relevant incidents in his declaration dated March 22, 2017. Al-Bukhari thus cites no recurrence of the practice that is the subject of this motion—namely confinement in restraints and segregation without prior approval by mental health staff and supervision of medical staff—in over a year. And because there is no evidence that the contested practice has occurred for over a year, I conclude that he will not suffer irreparable harm if this motion is denied. *See Doe v. Quinnipiac University*, 2017 WL 1206002, at *5 (D. Conn. Mar. 31,

2017) (party seeking preliminary injunction must show that irreparable harm is "likely" to occur) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.,* 917 F.2d 75, 79 (2d Cir. 1990)).

Al-Bukhari's motion for temporary restraining order or preliminary injunction [**ECF No. 89**] is **DENIED** without prejudice.

**SO ORDERED** this 14th day of July 2017 at Bridgeport, Connecticut.

                                      /s/ Stefan R. Underhill
                                      Stefan R. Underhill
                                      United States District Judge