UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | |
|---|---|
| JA-QURE AL-BUKHARI, : | |
| *also known as* JEROME RIDDICK, : | |
|     Plaintiff, : | |
| : | LEAD CONSOLIDATED |
| v. : | CASE NO. 3:16-cv-53 (SRU) |
| : | |
| DEPARTMENT OF : | |
| CORRECTION, et al., : | |
|     Defendants. : | |

**RULING ON PLAINTIFF'S MOTIONS FOR TRO/PRELIMINARY INJUNCTION**
**[ECF Nos. 187, 188, 191, 201]**

Ja-Qure Al-Bukhari, also known as Jerome Riddick, has filed four motions seeking preliminary injunctive relief. For the reasons discussed below, the motions are denied.

The same standard is used to evaluate requests for temporary restraining order and preliminary injunction. *Gilmore v. Schenectady Cty. Sheriffs*, 2018 WL 794579, at *5 (N.D.N.Y. Feb. 8, 2018) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, Al-Bukhari must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the

most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Constitution State Challenge, Inc. v. Nyemchek*, 2001 WL 640417, at *9 (D. Conn. June 1, 2001) (noting that preliminary injunctive relief was not needed to preserve status quo); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties."). Because Al-Bukhari must demonstrate a likelihood of success on the merits of his claims in the amended complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health,* 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

In his first motion, ECF No. 187, entitled "Motion for Temporary Restraining Order," Al-Bukhari asks the Court to order the defendants to provide him medical and mental health treatment for incidents of head banging occurring in June 2018. The defendants did not respond to that motion.

In his second motion, ECF No. 188, entitled "Motion for Temporary Restraining Order and/or Preliminary Injunction," Al-Bukhari asks the Court to ensure he be permitted to retain the same amount of legal property that he now has in his cell in Northern Correctional Institution when he is transferred to MacDougall-Walker Correctional Institution. The defendants contend that, because Al-Bukhari filed this motion before he was transferred, he cannot demonstrate that he will suffer irreparable harm should the motion be denied.

In the third motion, ECF No. 191, entitled "Motion for TRO / Preliminary Injunction," Al-Bukhari states that between 8:00 p.m. and 11:00 p.m. on August 8, 2018, he banged his head on the wall and steel bed frame causing injuries to his face and head including bleeding and swelling. He claims to have symptoms of concussion including brief periods of dizziness and confusion. Al-Bukhari states that correctional staff observed him and did not intercede to protect him from self-harm. Al-Bukhari wrote his motion the same evening seeking an order that he be examined by medical and mental health staff and that his injuries be photographed. Al-Bukhari did not submit the motion to the court until August 31, 2018, nearly a month later. The defendants object to the motion as moot, noting that Al-Bukhari has been seen in the medical unit for his injuries.

Al-Bukhari's fourth motion, ECF No. 201, is entitled "Motion for Temporary / Preliminary Injunction for the Plaintiff to be Given All Legal Materials in Association to and with This Case so that the Plaintiff Can Attempt Proper Litigation to this Case and/or Other Appropriate Court Order for this Case." He seeks an order that he be given all legal materials relating to this case including his case file, legal notes, copies of motions, pertinent records, books and other legal materials. In support of his motion, Al-Bukhari alleges that shortly after his transfer to Northern Correctional Institution in November 2018, he was placed in segregation

following an incident with correctional staff. He contends that correctional staff are telling him that they do not remember where they put his property after they packed it following the incident. The defendants contend that Al-Bukhari's legal property has been returned and the motion may be denied as moot.

On April 11, 2018, the Court entered an Order, ECF No. 179, clarifying what claims would be considered in Al-Bukhari's six pending cases. The Court stated that the only claims in this case are Al-Bukhari's claims regarding the use of restraints and/or deployment of a chemical agent on four occasions, December 13, 2015, November 19, 2015, March 19, 2016, and January 4-5, 2017. The Court stated that all other claims, including claims for medical or mental health treatment would be considered in one of his other cases. In addition, on April 18, 2018, the Court specifically informed Al-Bukhari that "requests for restraining orders and other injunctive relief must relate to the allegations of, or the relief requested in the underlying complaint." ECF No. 181 at 2-3.

Two of Al-Bukhari's motions seek medical and mental health treatment. Because the relief requested is unrelated to the claims in this case, the motions, ECF Nos. 187 & 191, are denied. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Oliphant v. Villano*, 2010 WL 5069879, at *2 (D. Conn. Dec. 3, 2010) (denying request for preliminary injunctive relief regarding forced medication because motion concerned persons who were not defendants and issues unrelated to claims in amended complaint). To the extent that the motion seeks a mental health examination,

4

Al-Bukhari has not shown that a request for an examination would not be granted. The motion is denied without prejudice.

The other two motions seek to ensure access to legal papers required to prosecute this case. One motion sought to retain the same materials when Al-Bukhari was transferred to MacDougall-Walker Correctional Institution. Because the motion was filed before the transfer, Al-Bukhari failed to show that he would suffer irreparable harm if the motion were denied; the motion sought to address an issue that may never arise. The motion, ECF No. 188, is denied.

The final motion sought return of legal documents packed up when Al-Bukhari was confined on four-point restraints. In response, the defendants state that the materials were returned. As Al-Bukhari did not filed a reply memorandum denying the return of his legal materials. The motion is denied as moot.

In conclusion, Al-Bukhari's Motion for Temporary Restraining Order [**ECF No. 187**], Motion for Temporary Restraining Order and/or Preliminary Injunction [**ECF No. 188**], Motion for TRO/Preliminary Injunction [**ECF No. 191**], and Motion for Temporary/Preliminary Injunction for the Plaintiff to be Given All Legal Materials in Association to and with this Case so that the Plaintiff Can Attempt Proper Litigation to this Case and/or Other Appropriate Court Order in this Case [**ECF No. 201**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of February 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge