UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JA-QURE AL-BUKHARI,  :
*also known as* JEROME RIDDICK,  :
    Plaintiff,  :
                                          :      LEAD CONSOLIDATED
       v.  :      CASE NO. 3:16-cv-53(SRU)
                                          :
DEPARTMENT OF  :
CORRECTION, et al.,  :
    Defendants.  :

**RULING ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION**
**[ECF Nos. 198, 213]**

The plaintiff, Ja-Qure Al-Bukhari, also known as Jerome Riddick, has filed two motions asking the Court to reconsider[1] its order severing some claims from this case with instructions to include those claims in amended complaints filed in other of his cases. The first motion, ECF No. 198, is entitled "Motion for Reconsideration Re ECF #193 Nunc Pro Tunc." The second motion, ECF No. 213, is entitled "Motion to Vacate Order and Reinstate Certain Claims in this Action." For the reasons discussed below, both motions are denied.

I.    <u>Standard of Review</u>

The standard for granting reconsideration is strict. Reconsideration will be granted only

---

[1] Motions for reconsideration must be filed and served within seven days from the filing of the decision or order from which relief is sought. D. Conn. L. Civ. R. 7(c)1. The order dismissing several claims from this case was filed on September 21, 2018. Thus, any motion for reconsideration should have been filed on or before September 28, 2018. Al-Bukhari filed his motion for reconsideration on October 26, 2018, nearly one month too late. He filed the second motion on January 25, 2019, nearly four months too late. Although the second motion is not captioned a motion for reconsideration, it seeks the same relief as the prior motion. The Court considers the substance of the motion, not the title Al-Bukhari selected. However, even though the motions are untimely, the Court considers them on the merits. Al-Bukhari is cautioned, however, that in the future he must comply with filing deadlines.

if the moving party can identify controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. *See Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

There are three grounds for granting a motion for reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curiam). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Waller v. City of Middletown*, 89 F. Supp. 3d 279, 282 (D. Conn. 2015).

II. <u>Motion for Reconsideration</u>

On September 21, 2018, I granted in part the defendants' motion to dismiss and entered an order of partial dismissal. The order of partial dismissal is at issue here. Counts One and Two of the second amended complaint assert claims for breach of a 2014 Settlement Agreement and the covenant of good faith and fair dealing associated with that agreement. In April 2018, I entered an order in this case, and all of Al-Bukhari's pending cases, that all claims addressing the Settlement Agreement would be litigated in one case, *Riddick v. Semple*, 3:16-cv-1769 (SRU). In accordance with that order, I dismissed Counts One and Two without prejudice to refiling in *Riddick v. Semple*. In addition, I dismissed Count Six for a reason different from the ground asserted by the defendants in their motion to dismiss. I determined that the only claims to be

litigated in this case concern the application of restraints and/or deployment of a chemical agent on December 13, 2015, November 19, 2015, March 9, 2016, and January 4-5, 2017, and whether those uses of force were excessive in violation of the Eighth Amendment's prohibition against cruel and unusual punishment or constitute the torts of assault, battery and intentional infliction of emotional distress. ECF No. 193 at 16.

Al-Bukhari argues that the decision to include Counts One and Two in *Riddick v. Semple*, constitutes improper joinder of parties and claims in violation of Federal Rule of Civil Procedure Rule 20. That rule provides that persons may be joined in one action if the claims against them arise from the same occurrence or series of occurrences and common questions of law or fact will arise in the action. Fed. R. Civ. P. 20(1)(2). *Riddick v. Semple* includes claims for violation of the 2014 Settlement Agreement. All of the incidents under Counts One and Two are alleged to be violations of the Settlement Agreement. Thus, they are part of a series of occurrences giving rise to the claimed breach of settlement agreement. In addition, to resolve the claims, I will have to apply state contract law to determine whether the defendants breached the agreement by their various actions. Thus, there is also a common question of law. I conclude that the decision to include Counts One and Two in *Riddick v. Semple* does not constitute improper joinder.

Al-Bukhari also argues that, once one of the cases is decided, res judicata will preclude litigation of the other case. Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). When considering whether the first judgment will have preclusive effect, the court considers three factors: (1) whether the same transaction or series of transactions is at issue, (2) whether

the same evidence is needed to support both claims, and (3) whether the facts essential to the second case were present in the first case. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

The four incidents underlying this action constitute some, but not all, examples of the alleged breach of the settlement agreement. Thus, *Riddick v. Semple* involves many more transactions or occurrences than this case. The evidence required to support the claims is different. In *Riddick v. Semple*, Al-Bukhari must present evidence of what treatment is permitted or barred by the terms of the settlement agreement. That evidence is not relevant to whether these particular actions violated the Eighth Amendment. In addition, to establish a defense of res judicata, the defendants would be required to show that the claims in the second case could have been raised in the first case. *Allen*, 449 U.S. at 94. Here, my order precludes consideration of the settlement agreement claims in this case. I conclude that res judicata would not bar consideration of the claims.

In addition, "[i]ssues are not identical [for issue preclusion purposes] if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, ___ U.S. ___, 135 S. Ct. 1293, 1306 (2015) (internal quotation marks and citation omitted). The claims in Counts One and Two involve a different legal standard than the remaining claims in this case. This action involves the Eighth Amendment excessive force standard while *Riddick v. Semple* involves contract law. I conclude that, based on the information currently available to me, it is unlikely that either claim or issue preclusion would bar considering of the claims in two separate cases.

Also in the order, I noted that Al-Bukhari did not assert any claim in this case for deliberate indifference to serious medical or mental health needs. I instructed Al-Bukhari that, if

4

he intended to pursue any such claims, he should do so in Case No. 3:16-cv-2009 (SRU), the case I previously designated as the case for asserting any claims for deliberate indifference to medical or mental health needs. Al-Bukhari challenges this direction on the above grounds. The challenge is rejected for the reasons stated above.

Finally, Al-Bukhari argues that I was required to consider the defendants' motion to dismiss Count Six only on the asserted ground. Al-Bukhari fails to acknowledge, however, the requirement in 28 U.S.C. § 1915(e)(2(B)(ii), that "the court shall dismiss the case at any time if the court determines that-- … the action … fails to state a claim on which relief may be granted." Al-Bukhari is proceeding *in forma pauperis* in this action. Thus, the section 1915 requirements apply. Because I determined that Court Six failed to state a cognizable claim, dismissal was appropriate. Al-Bukhari has identified no law prohibiting that approach.

Al-Bukhari's motion for reconsideration is denied.

III. <u>Motion to Vacate</u>

Al-Bukhari challenges the same order is his motion to vacate. He argues that claim and issue preclusion will prevent litigation of the claims in Counts One and Two as breach of the settlement agreement claims in *Riddick v. Semple*, and as Eighth Amendment violations here. I have rejected that argument.

Al-Bukhari's motion is based on his disagreement with my decision, not on any facts or law I overlooked. That is not a proper basis for reconsideration. Al-Bukhari's motion is denied.

IV. <u>Conclusion</u>

Al-Bukhari's motion for reconsideration [**ECF No. 198**] and motion to vacate and reinstate claims [**ECF No. 213**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge