UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JA-QURE AL-BUKHARI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:16-cv-53 (SRU) |
| | : | |
| DEPARTMENT OF CORRECTION, *et al.*, | : | |
|     Defendants. | : | |

# ORDER

Plaintiff Ja-Qure Al-Bukhari, also known as Jerome Riddick, seeks reconsideration of the Court's order denying his motion to disqualify me as the presiding judge in this case. The motion is **denied** as untimely filed and lacking merit.

The District's Local Rules require that a motion for reconsideration "be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)1. The order denying the motion to disqualify was filed on January 18, 2019. Doc. No. 211. Al-Bukhari's motion is dated February 4, 2019, ten days past the deadline, and was filed on February 6, 2019. Thus, the motion is untimely.

Even if the motion were timely filed, it should be denied. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require

that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Al-Bukhari takes issue with my statement that he cited language in support of his motion that does not appear in the Local Rules. In support, he has submitted a copy of Local Rule 83.10 as amended November 7, 2014. That rule is no longer effective. Rule 83.10 was amended on December 22, 2017 and the current version of the rule does not include the language Al-Bukhari cited in his motion. Because Al-Bukhari has not identified any controlling law overlooked in the decision denying his motion to disqualify, the motion for reconsideration is also denied on the merits.

Al-Bukhari also seeks to withdraw all claims relating to the January 4, 2017 incident, paragraphs 108 through 161 of the Amended Complaint. The motion is granted.

Al-Bukhari's motion for reconsideration [**Doc. #214**] is **DENIED** and his motion to withdraw all claims relating to the January 4, 2017 incident [**Doc. No. 218**] is **GRANTED**.

**SO ORDERED** this 2nd day of July 2019 at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge